PROB 12A
(7/93)

# United States District Court

### for the

### Eastern District of Washington

### Report on Offender Under Supervision
#### (No Action Requested)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 19 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Name of Offender: Michael William Smith          Case Number: 2:01CR00155-001

Name of Sentencing Judicial Officer:  The Honorable Fred Van Sickle, U.S. District Judge

Date of Original Sentence: 08/01/2002            Type of Supervision: Supervised Release

Original Offense: Distribution of Cocaine Base, 21    Date Supervision Commenced: 02/18/2005
U.S.C. § 841(a)(1); Possession of Cocaine Base, 21
U.S.C. § 844; Conspiracy to Possess with the Intent to
Distribute and Distribute Over 50 Grams of Cocaine
Base, 21 U.S.C. § 846; Maintaining an Establishment
for the Purpose of Manufacturing, Distributing or
Using a Controlled Substance, 21 U.S.C. § 856(a)(1)

Original Sentence: Prison - 46 Months; TSR - 60   Date Supervision Expires: 02/17/2010
Months

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. |

**Supporting Evidence**: Michael Smith violated conditions of his supervised release by consuming cocaine on or about November 5, 14, 23 and December 3 and 6, 2005, contrary to Standard Condition number 7 of the conditions of supervised release.

On November 17, 2005, the undersigned conducted a home visit. At that time, Michael Smith admitted cocaine use on November 5 and 14, 2005. On November 18, 2005, Michael Smith signed an admission of drug use form acknowledging cocaine and alcohol consumption on or about November 5 and 14, 2005. On December 7, 2005, the offender was contacted by telephone. At that time, he admitted consuming cocaine on or about December 6, 2005. On December 9, 2005, during an intervention meeting at the New Horizon Outpatient Clinic, the offender admitted to additional use of cocaine on November 23 and December 3 and 6, 2005. Michael Smith signed an admission of drug use form acknowledging cocaine use on November 23 and December 3 and 6, 2005.

| | | |
|---|---|---|
| 5 | **Standard Condition #7**: | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. |

**Supporting Evidence**: Michael Smith violated conditions of his supervised release by consuming alcohol on November 5, 2005. On November 18, 2005, Michael Smith signed an admission of drug use form acknowledging alcohol use on the above-referenced date.

**U.S. Probation Officer Action**:

As the Court may recall, the offender consumed controlled substances and alcohol in September 2005. The undersigned officer notified the Court that the offender would resume aftercare counseling. Contact with the chemical dependency counselor confirms the offender availed himself for counseling purposes.

**As an intermediate sanction**: Michael Smith was again directed to abstain from the use of controlled substances and alcohol while under supervision. Additionally, he is now required to participate in intensive outpatient services following his use of alcohol and controlled substances. The undersigned officer discussed this recent use of narcotics with the chemical dependency counselor and confirmed the need for more intensive intervention. Unfortunately, the offender has been unable to secure placement in an inpatient program due to a technicality with his insurance coverage. In the interim, the offender will be required to attend intensive outpatient treatment at New Horizons.

The Court is advised that this offender is expecting a significant financial settlement following his stepfather's death. It has been determined that once the offender receives his settlement, he will transition to an inpatient program immediately.

It is hoped that the intermediate sanction imposed meets the expectations of the Court. The undersigned officer is of the opinion that the offender is amenable to treatment efforts. Please advise this officer should Your Honor require a different course of action or a Court appearance by the offender.

Respectfully submitted,

by /s/

Tommy Rosser
U.S. Probation Officer
Date: December 14, 2005

---

[ ] Court Concurs with Officer Action
[ ] Submit a Request for Modifying the Condition or Term of Supervision
[X] Submit a Request for Warrant or Summons
[ ] Other

Fred Van Sickle
Signature of Judicial Officer

December 16, 2005
Date